Filed 4/22/14  P. v. Blackburn CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E058295 |
| v. | (Super.Ct.No. RIF1201580) |
| MICHAEL ROBERT BLACKBURN, | O P I N I O N |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Reversed with directions.

Paul E. Zellerbach, District Attorney, and Kelli Catlett, Deputy District Attorney, for Plaintiff and Appellant.

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Respondent.

## I.  INTRODUCTION

The People appeal from an order dismissing counts 1, 2, and 3 of the second amended information charging defendant Michael Robert Blackburn with committing lewd and lascivious acts (Pen. Code, § 288, subd. (a))[1] on his former stepdaughter Doe, between March 1997 and March 1999, when Doe was 9 to 11 years old.  The charges were dismissed on the ground they were time-barred.  We agree with the People that the charges are not time-barred.  Accordingly, we reverse.

## II.  BACKGROUND

A.  *Overview*

The record indicates that the trial court granted defendant's section 995 motion to dismiss counts 1, 2, and 3 because the preliminary hearing transcript showed defendant committed lewd acts on Doe during 1994 and 1995, when Doe was six to seven years old.  The parties agree the 1994 and 1995 conduct is time-barred and defendant cannot be charged with lewd acts based on conduct occurring before January 1, 1996.  But at the section 995 hearing, the prosecutor did not tell the court that later-occurring conduct supported the lewd act charges, namely, evidence that defendant forced Doe to orally copulate him numerous times between March 1997 and March 1999, within the limitations period.

The second amended information alleges that the lewd acts charged in counts 1, 2, and 3 occurred between March 1997 and March 1999, when Doe was 9 to 11 years old.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

These dates are within the applicable limitations period.  (§ 801.1, subd. (a).)  The preliminary hearing transcript shows defendant forced Doe to orally copulate him multiple times—at least six times—when Doe was 9 to 11 years old, between March 1997 and March 1999.

We agree with the People that the oral copulation evidence supports both the lewd act charges in counts 1, 2, and 3 *and* the forcible oral copulation charges in counts 4, 5, and 6.  And contrary to defendant's argument, the evidence supporting counts 1, 2, and 3 is not duplicative of the evidence supporting counts 4, 5, and 6.  Thus, it is unnecessary, as defendant further argues, to deem counts 1 to 3, and 4 to 6, pled in the alternative.

B.  *The Applicable Limitations Period*

Until January 1, 2001, the limitations period for lewd and lascivious conduct was six years.  (Former § 800.)  Effective January 1, 2001, former section 803, subdivision (h) was amended to increase the limitations period from six years to 10 years for felony sex crimes listed in section 290.  (Stats. 2000, ch. 235, § 1, p. 2342.)  Felony sex crimes listed in section 290 include section 288, subdivision (a) violations, that is, lewd and lascivious acts on a child under age 14.  Effective January 1, 2006, section 801.1, subdivision (a) was amended to allow prosecutions for felony sex offenses listed in section 290, which includes lewd acts (§ 288, subd. (a)) to be commenced any time before the victim turns age 28, provided the acts occurred when the victim was under age 18.  (Stats. 2005, ch. 479, § 2, p. 3791.)  The 2001 and 2006 amendments apply to any crimes on which the limitations period had not lapsed as of the effective date of the amendments.  (§ 803.6,

3

subd. (b); *Stogner v. California* (2003) 539 U.S. 607, 632 ["extending time limits . . . for prosecutions not yet time barred" is permissible].)

C. *The Complaint and Preliminary Hearing*

The complaint was filed on April 17, 2012, when Doe was 24 years old. Doe was born in March 1988. Defendant is Doe's former stepfather and was born in 1967.

Counts 1, 2, and 3 of the complaint alleged defendant committed lewd acts on Doe between March 1996 and March 1998, when Doe was eight to nine years old. Counts 4 through 7 charged additional sex offenses: forcible sexual penetration between March 1997 and March 2000, when Doe was 9 to 11 years old (§§ 269, subd. (a)(5), 289, subd (a); count 4); two counts of forcible rape between March 2002 and March 2003, when Doe was 14 to 15 years old (§ 261, subd. (a)(2); counts 5 & 6), and one count of forcible oral copulation between March 2003 and March 2004, when Doe was 15 to 16 years old (§ 288a, subd. (c)(2); count 7).

At the preliminary hearing, the People called Ronald Braasch, a senior investigator with the district attorney's office who had interviewed Doe. A sworn peace officer for 28 years, Braasch worked in the sexual assault and child abuse unit. Doe told Braasch defendant began molesting her when she was six or seven years old (between March 1994 and March 1996).

When she was six or seven years old, defendant would have Doe dance for him while exposing her buttocks and would rub his hand over her panties on her buttocks and vaginal areas. He would also make Doe watch pornographic movies while putting his

4

penis through his zipper and making Doe masturbate him until he ejaculated. During the same period, defendant had Doe play a "taste-test game." He would blindfold Doe or have her close her eyes, take food from the refrigerator, place it on her tongue, and ask her what it tasted like. On five or six occasions while playing the taste-test game, defendant put his penis in Doe's mouth, ejaculated, and asked her what that tasted like.

As the parties agree, defendant cannot be prosecuted for lewd acts that occurred during 1994 and 1995, or at any time before January 1, 1996. The limitations period on that conduct expired on January 1, 2006, when the 10-year limitations period of former section 803, subdivision (h), expired. Section 801.1, subdivision (a), which became effective January 1, 2006, and which allows lewd act offenses that occurred when the victim was under age 18 to be prosecuted before the victim turns age 28, does not apply to the 1994 and 1995 conduct precisely because it was already time-barred when section 801.1, subdivision (a) went into effect. (*People v. Robinson* (2010) 47 Cal.4th 1104, 1112 [once limitations period has expired, prosecution is forever time-barred].) Thus, the initial touchings and the taste tests (oral copulations) are time-barred to the extent they occurred before January 1, 1996.

Braasch also testified that defendant had Doe orally copulate him numerous times when she was between the ages of 9 and 11 (between March 1997 and March 1999). During that period, defendant would take Doe to a room in their home that had a window facing the driveway to be certain a car would not pull up while Doe was orally copulating him. Defendant would also take Doe driving in a car and force her to orally copulate him

5

as he was driving the car. Doe recalled that on one occasion, defendant forced her to orally copulate him after he pulled over and parked the car in a neighborhood.

Doe feared disclosing the sexual abuse to anyone because she feared defendant would physically harm her. Defendant had punished Doe and her brother by putting them in a corner and hitting their heads into the wall. She had also seen defendant commit acts of domestic violence against her mother. Defendant would tell her she had to submit to his sexual requests and, if she refused, he would make her hold heavy textbooks "out arm's length, side to side, and . . . up in the air until she submitted to him."

Doe said the sexual abuse completely stopped when she was between the ages of 11 and 14. During this period, defendant was "the perfect father." But when Doe was 14 and 15 years old (between March 2002 and March 2003), defendant forcibly raped, sodomized, and digitally penetrated Doe. At the preliminary hearing, the defense orally challenged counts 1 through 3 of the complaint as time-barred, but the court ruled the limitations period had not run on the charges. Defendant was held to answer on all charges of the complaint.

D. *The Original, Amended, and Second Amended Information*

On June 26, 2012, the People filed an original information charging defendant in counts 1 through 7 with the same offenses and alleging the same time periods alleged in the complaint. On July 30, 2012, defendant demurred to counts 1 through 7 of the original information on the ground all of the charges were time-barred. Following a

September 6, 2012, hearing, the demurrer was overruled as applied to the second amended complaint.

On August 6, 2012, the People filed a first amended information, again alleging lewd acts in counts 1, 2, and 3, but alleging the lewd acts occurred between March 1997 and March 1999, when Doe was 9 to 10 years old, one year later than alleged in the complaint and original information. Counts 4, 5, and 6 charged three *additional lewd acts occurring* between March 1997 and March 1999. Counts 7 through 10 alleged the same charges as counts 4 through 7 of the complaint and the original information: one count of forcible sexual penetration (count 7), two counts of forcible rape (counts 8 & 9), and one count of forcible oral copulation (count 10), but changed the dates of these offenses.

Finally, on August 13, 2012, the People filed the second amended information, the subject of this appeal. Counts 1 through 3 and 7 through 10 remained unchanged from the first amended information. But counts 4, 5, and 6 alleged *forcible oral copulation* occurring between March 1997 and March 1999, the same time period as the lewd acts charged in counts 1 through 3.

E. *The Section 995 Motion to Dismiss*

On October 19, 2012, defendant filed a section 995 motion to dismiss the lewd act charges in counts 1, 2, and 3 as time-barred, and to dismiss counts 4 through 10. Following a January 9, 2013, hearing, the court dismissed counts 1, 2, and 3 as time-barred because the preliminary hearing transcript showed the lewd acts occurred in 1994

7

and 1995 when Doe was six and seven years old.[2]  The court was under the mistaken

impression that counts 1, 2, and 3 were based on the 1994 and 1995 conduct, and neither

counsel informed the court that counts 1 through 6 were supported by the oral copulations

that occurred between March 1997 and March 1999, when Doe was 9 to 11 years old.

### III.  DISCUSSION

The People claim the lewd acts charged in counts 1, 2, and 3 are not time-barred

because those counts *and* counts 4, 5, and 6 are supported by at least six acts of forcible

oral copulation that occurred between March 1997 and March 1999.  We agree.

Because the second amended information alleges that counts 1, 2, and 3 occurred

between March 1997 and March 1999, the People originally had six years, or until March

2003, to commence prosecution of the charges under former section 800.[3]  But former

section 803, subdivision (h), which became effective January 1, 2001, before the six-year

limitations period expired in March 2003, extended the six-year limitations period by

four additional years, to March 2007.  (Stats. 2000, ch. 235, § 1, p. 2342.)[4]  The March

2007 date was further extended by the amendment, effective January 1, 2006, of section

---

[2]  Pursuant to the parties' stipulation, the court dismissed counts 7 and 10, and those charges are not in issue on this appeal.

[3]  Former section 800 was enacted in 1984 and was in effect until September 30, 2011, when it was amended.  (Stats. 2011, ch. 39, § 24, p. 1696.)  The former statute provided that the prosecution of offenses punishable by eight or more years in prison (which includes lewd acts (§ 288, subd. (a)) had to be commenced within *six years* of the date the offense was committed.  (*Ibid.*)

[4]  Because former section 803, subdivision (h) became effective two years before March 2003, when the original six-year limitations period on the lewd act charges expired, the new limitations period became March 2007.

8

801.1, subdivision (a) to allow prosecutions for lewd acts, among other felony sex offenses, to be commenced any time before the victims' 28th birthday provided the offenses occurred, as they did here, when the victim was under the age of 18 years. The complaint was timely filed on April 12, 2012, when Doe was 24 years old.

Defendant argues that counts 1 through 3 "could be construed simply as alternative pleadings of the acts alleged in counts 4 through 6" of the second amended information. In other words, defendant argues that the acts of forcible oral copulation supporting counts 4 through 6 are duplicative of, or are the same as, the evidence supporting counts 1 through 3. We disagree.

Braasch's testimony at the preliminary hearing indicated that Doe was forced to orally copulate defendant at least six times during March 1997 and March 1999, when she was 9 to 11 years old. The forcible oral copulations occurred in the family home, while defendant was driving a car, and once when defendant pulled the car over in a neighborhood. As defendant concedes, the acts of forcible oral copulation constitute lewd acts on a child under the age of 14. (§ 288, subd. (a).)

Finally, Braasch's testimony provided sufficient facts to support counts 1, 2, and 3, and 4, 5, and 6 based on the standard of *Williams v. Superior Court* (1969) 71 Cal.2d 1144. Under *Williams*, when it appears "from the preliminary examination that a public offense has been committed, 'and there is sufficient cause to believe the defendant guilty thereof,' the [judge] must make an order holding [the defendant] to answer." (*Id.* at p. 1147.) Additionally, "'"[s]ufficient cause" and "reasonable and probable cause" means

9

such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused [citation] . . . .' [Citation.]" (*Ibid.*)

Doe told Braasch the forcible oral copulations occurred "quite often" over "a two-year period" when she was 9 and 10 years old. Defendant "would always pick a room where he could see the driveway in case a car pulled up." And as discussed, he also forced Doe to orally copulate him on at least several occasions while he was driving in the car, and once after he pulled the car over in a neighborhood. In sum, the evidence indicates defendant forced Doe to orally copulate him at least six times between March 1997 and March 1999. Thus, counts 1 to 3 are not duplicative of, nor should they be deemed pleaded in the alternative to, counts 4 to 6.

## IV. DISPOSITION

The order of dismissal is reversed to the extent it dismissed counts 1, 2, and 3 of the second amended information. The matter is remanded to the trial court with directions to issue an order reinstating counts 1, 2, and 3.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.

10